IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SIEMENS AG, SIEMENS CORPORATION, BENQ CORPORATION, BENQ AMERICA CORPORATION, BENQ MOBILE GMBH & CO., AUDIOVOX COMMUNICATIONS CORPORATION, AUDIOVOX ELECTRONICS CORPORATION, UTSTARCOM, INC., SPRINT NEXTEL CORPORATION, CINGULAR WIRELESS L.L.C., CINGULAR WIRELESS CORPORATION, NEW CINGULAR WIRELESS SERVICES INC., VERIZON COMMUNICATIONS INC., VODAFONE GROUP PLC, AND CELLCO PARTNERSHIP, <br><br> Defendants. | Civil Action No. 06-404-JJF |

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE**
**(LETTER ROGATORY)**

The United States District Court for the District of Delaware presents its compliments to the Appropriate Judicial Authority of Taiwan, and requests international assistance to effect service of process to be used in a Civil proceeding before this Court in the above-captioned matter. A trial on this matter will be held in Wilmington, Delaware, United States of America.

I.  REQUEST

MP3 20197932.1

This Court requests the assistance described herein as necessary in the interests of justice. The assistance requested is that the Appropriate Judicial Authority of Taiwan effect Service of Process of the Summons, Complaint for Patent Infringement, Exhibits A-D and Certified Translations on the below named business entity:

> BenQ Corporation
> 157 Shan-ying Road
> Taoyuan 333
> Taiwan F400000

The Appropriate Judicial Authority of Taiwan is requested to serve the above-mentioned documents by personal service into the hands of a director, managing agent or other person authorized to accept service, or in a manner of service consistent with the law of Taiwan.

## II.   PLAINTIFFS' ALLEGATIONS

This is an action for infringement of United States letters patent pursuant to 35 U.S.C. § 271. The following is a summary of allegations made by the Plaintiff ("St. Clair"). This Court has not reached any conclusions regarding the facts of the case and does not endorse the accuracy of the Plaintiff's allegations.

- On August 11, 1992, United States Letters Patent No. 5,138,459 ("'459 patent") entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output" was duly and legally issued to Personal Computer Cameras, Inc., as assignee of the inventors, Marc K. Roberts, Matthew A. Chikosky, and Jerry A. Speasl.

- On or about November 21, 1995, St. Clair acquired ownership of all Personal Computer Cameras, Inc.'s digital camera patents and technology, including the '459 patent, by assignment.

- On July 25, 2000, United States Letters Patent No. 6,094,219 ("'219 patent") entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output" was duly and legally issued to St. Clair as assignee of the inventors, Marc K. Roberts, Matthew A. Chikosky, and Jerry A. Speasl.

- On May 15, 2001, United States Letters Patent No. 6,233,010 ("'010 patent") entitled "Electronic Still Video Camera With Direct Personal Computer (PC) Compatible Digital Format Output" was duly and legally issued to St. Clair as assignee of the inventors, Marc K. Roberts, Matthew A. Chikosky, and Jerry A. Speasl.

- On November 27, 2001, United States Letters Patent No. 6,323,899 ("'899 patent") entitled "Process For Use In Electronic Camera" was duly and legally issued to St. Clair as assignee of the inventors, Marc K. Roberts, Matthew A. Chikosky and Jerry A. Speasl.

- St. Clair has been and is still the owner of the '459, '219, '010 and '899 patents, (collectively the "patents-in-suit").

- Defendant has made, offered to sell, imported, used and/or sold in this judicial district and elsewhere in the United States, digital cameras that directly, contributorily, or by inducement infringe one or more of the claims of the patents-in-suit.

- Defendant has had, for some time, actual knowledge of the patents-in-suit and has willfully, deliberately, and intentionally infringed the claims of said patents.

- The infringement by Defendant of the patents-in-suit has injured St. Clair in an

amount to be determined at trial.

## III. RECIPROCITY

The United States District Court for the District of Delaware is willing to provide similar assistance to the judicial authorities of Taiwan.

## IV. REIMBURSEMENT FOR COSTS

The Plaintiff's counsel and/or the Plaintiff are willing to reimburse the judicial authorities of Taiwan for costs incurred in executing the United States District Court for the District of Delaware's letter rogatory. This cost should not exceed $500. Please contact the United States District Court for the District of Delaware before this amount is exceeded.

In acknowledgement of the additional time which is needed to prepare and file an Answer to the attached documents, the time period for answering is extended to 45 days after service.

Date: October 17, 2006
[SEAL OF COURT]

The Honorable Joseph J. Farnan, Jr.
U.S. District Court, District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Room 4124
Lockbox 27
Wilmington, DE 19801