IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ST. CLAIR INTELLECTUAL PROPERTY CONSULTANTS, INC. | : : : | |
| Plaintiffs | : : | |
| v. | : : | C.A. No. 06-403-JJF |
| SIEMANS AG, SIEMANS CORPORATION, BENQ CORPORATION, BENQ AMERICA CORPORATION, BENQ MOBILE GMBH & CO., AUDIOVOX COMMUNICATIONS CORPORATION, AUDIOVOX ELECTRONICS CORPORATION, UTSTARCOM, INC. SPRINT NEXTEL CORPORATION, CINGULAR WIRELESS, LLC, CINGULAR WIRELESS CORPORATION, NEW CINGULAR WIRELESS SERVICES, INC., VERIZON COMMUNICATIONS INC., VODAFONE GROUP, PLC and CELLCO PARTNERSHIP, | : : : : : : : : : : : : : : | |
| Defendants. | : | |

### THE CINGULAR DEFENDANTS' OPPOSITION
### TO PLAINTIFF'S MOTION TO LIFT STAY IN LITIGATION

Plaintiff St. Clair Intellectual Property Consultants, Inc. ("Plaintiff") has accused all Defendants in this case of infringing four patents (the "patents-in-suit"). However, because Plaintiff's ownership of the patents-in-suit was challenged in *Eastman Kodak Co. v. Speasl*, Case No. 05-39164 (Cal. Sup. Ct.) (the "Kodak Ownership Dispute" or "Dispute"), this Court stayed this action pending resolution of that Dispute. (D.I. 20). Plaintiff now seeks to lift that stay because, according to Plaintiff, a "Memorandum of Understanding" has been signed in the

Kodak Ownership Dispute that resolves all claims between Plaintiff and Kodak regarding the patents-in-suit.

Plaintiff's Motion to Lift the Stay (D.I. 26) should be denied. The *only* "showing" made by Plaintiff in support of lifting the stay is an undocumented statement that a "Memorandum of Understanding" has been signed by the parties in the Kodak Ownership Dispute. There has been *no* showing that a final judgment or a dismissal has been entered in that Dispute, that a final settlement agreement has been signed, or, more importantly, that the terms of the "Memorandum of Understanding" provide that Plaintiff owns the patents-in-suit. Without a clear showing that Plaintiff actually owns the patents-in-suit, the stay in this case should remain in place, and Plaintiff's Motion should be denied.

## BACKGROUND

On June 26, 2006, Plaintiff filed a complaint for infringement of the patents-in-suit against numerous defendants, including Cingular Wireless LLC, Cingular Wireless Corporation, and New Cingular Wireless Services, Inc. (the "Cingular Defendants").[1] (D.I. 1). This Court stayed this action on November 30, 2006, pending resolution of the Kodak Ownership Dispute. (D.I. 20).

In early 2008, Plaintiff and Kodak reached a "Memorandum of Understanding" to resolve the Kodak Ownership Dispute. *See* Exhibit A to Plaintiff's Motion. The terms of that "Memorandum" have not been disclosed.

On March 13, 2008, the Superior Court of the State of California (Santa Clara County) held a status conference in the Kodak Ownership Dispute. *See* Transcript of Proceedings attached as Exhibit A. At the hearing, the parties informed the Court that they had reached a

---

[1]   Plaintiff filed an amended complaint against the same defendants for infringement of the same patents on June 27, 2006. (D.I. 4)

"Memorandum of Understanding." *See id.* Plaintiff requested that the case be dismissed. However, counsel for Kodak expressed reservations about the settlement and stated that several terms still needed to be negotiated:

> Your Honor, this is a dispute over the ownership of patents. It was mediated on January 15th. We reached an agreement to settle it and sign a memorandum of understanding with the intent that we would then negotiate a full settlement agreements [sic]. We've been working on that. We are not there yet. We think that Kodak, Mirage, Ford and Moussally would like this case to remain open in case the settlement falls apart. And we need to come back and either litigate the terms of the MOU or ownership. . . . Some of the terms that are fundamental to Kodak and Mirage are – have not yet been agreed to by the other side so we need more time to kind of work this.

Tr. at 2:19-2:28 and 3:20-3:23 (Exhibit A). Following this discussion, the Kodak Court scheduled an additional status conference for April 17, 2008. *Id.* at 4:23-5:2.

## ARGUMENT AND CITATION OF AUTHORITY

It is well established that a plaintiff must have standing in order to bring any federal action. *Pfizer, Inc. v. Elan Pharms. Research Corp.*, 812 F. Supp. 1352, 1356 (D. Del. 1993). To have standing to bring a patent infringement suit, a plaintiff must prove that it had legal ownership of the asserted patent[s] ***at the time it filed suit***. E.g., *Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1309 (Fed. Cir. 2003). Failure to make such a showing requires dismissal of the plaintiff's claims. *Id.; see also Enzo APA & Sons, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1092-94 (Fed. Cir. 1998) (finding that licensee lacked standing where there was no written transfer of rights under the patent at the time infringement claims were brought).

This case was stayed in November 2006 because Plaintiff's ownership of the patents-in-suit was in doubt. As shown by the Transcript attached as Exhibit A, the issue of ownership is *still* in doubt. In fact, Kodak is concerned that the settlement reached in the Kodak Ownership

Dispute may fall apart and that the issue of ownership will still need to be litigated. *See* Tr. at 2:21-28. This unequivocally shows that the ownership issue has not been resolved.

Furthermore, even if a final settlement been reached in the Kodak Ownership Dispute, the terms of such settlement are crucial to showing standing. As noted above, Plaintiff must have had ownership of the patents-in-suit ***at the time of filing*** (June 26, 2006). If Plaintiff acquired rights in the patents-in-suit ***after*** it filed this suit, Plaintiff had no standing and this case must be dismissed. *E.g., Procter & Gamble Co. v. Paragon Trade Brands, Inc.*, 917 F. Supp. 305, 310 (D. Del. 1995) ("As a general matter, parties should possess rights before seeking to have them vindicated in court. Allowing a subsequent assignment to automatically cure a standing defect would unjustifiably expand the number of people who are statutorily authorized to sue.").

Plaintiff contends that a "Memorandum of Understanding" was signed by the parties that resolves "all claims between St. Clair and Kodak regarding the [patents-in-suit]." Plaintiff's Motion, at 2. However, Plaintiff did not produce the Memorandum itself. Without submission of the actual terms of settlement, there is no way to know whether Plaintiff has ***any*** ownership rights in the patents-in-suit, let alone whether it had such rights in June 2006. Thus, Plaintiff's "showing" in support of lifting the stay is wholly inadequate.

Before the stay in this case should be lifted, Plaintiff must make a clear showing that it actually owns the patents-in-suit and had such ownership at the time it filed its complaint. A mere unsupported statement that a "Memorandum of Understanding" has been signed relating to ownership without disclosing the terms of that "Memorandum" is not evidence of ownership at all.

## CONCLUSION

Based on the foregoing, Plaintiff's Motion to Lift the Stay should be denied. Plaintiff has failed to show that it has ownership of the patents-in-suit. It has failed to disclose the "Memorandum of Understanding" upon which its claim of ownership is based. Moreover, it appears that the "Memorandum of Understanding" is not a final resolution of the pending Kodak Ownership Dispute and that the issue of ownership may still need to be litigated. Accordingly, before this Court can consider any lift of the stay of this action, Plaintiff should be required (1) to show that the Kodak Ownership Dispute has been fully and finally resolved, and (2) to disclose copies of the final settlement agreement in such Dispute, including any related license agreements.

PROCTOR HEYMAN LLP

/s/ Dominick T. Gattuso
Kurt M. Heyman (# 3054)
E-mail: kheyman@proctorheyman.com
Dominick T. Gattuso (# 3630)
E-mail: dgattuso@proctorheyman.com
1116 West Street
Wilmington, DE 19801
(302) 472-7300

Counsel for Cingular Wireless, LLC, New Cingular Wireless Services, Inc., Cingular Wireless Corporation

OF COUNSEL:

SMITH, GAMBRELL & RUSSELL, LLP
Stephen Forte
Robert J. Veal
Elizabeth G. Borland
Brendan E. Squire
Suite 3100, Promenade II,
1230 Peachtree Street, NE,
Atlanta, GA 30309-3592
(404) 815-3500

Dated: March 20, 2008

## **CERTIFICATE OF SERVICE**

I, hereby certify, that on March 20, 2008, I served a copy of the foregoing Defendants Cingular Wireless, LLC, Cingular Wireless Corporation and New Cingular Wireless Services, Inc.'s Response to Plaintiff's Motion to Lift Stay, as follows:

<u>Via E-Filing</u>
Patricia P. McGonigle, Esquire
Seitz, Van Ogtrop & Green
222 Delaware Avenue, Suite 1500
Wilmington, DE 19899
   *For St. Clair Intellectual Property Consultants, Inc.*

<u>Via First Class Mail & Facsimile (202-478-0667)</u>
D. Joseph English, Esquire
Duane Morris LLP
505 9th Street, NW, Suite 1000
Washington, DC 20006-2166
   *For Audiovox Communications Corporation and*
   *Audiovox Electronics corporation*

<u>Via First Class Mail & Facsimile (408-273-4685)</u>
Linh Ha
BenQ America Corp.
2570 North First St., Suite 200
San Jose, CA 95131
   *For BenQ American Corporation*

<u>Via First Class International Mail</u>
157 Shan-ying Road, Gueishan,
Taoyuan 333
Taiwan F4 00000
   *For BenQ Corporation*

<u>Via First Class Mail</u>
Haidenauplatz 1, D-81667,
Munich, Federal Republic of Germany
   *For BenQ Mobile GMBH & Co.*

Via First Class Mail and Facsimile (732-590-6875)
Frank J. Nuzzi, Esquire
Senior Intellectual Property Counsel
Siemens Corporation
Intellectual Property Department
170 Wood Avenue South
Iselin, NJ 08830
    *For Siemens Corporation*

Via First Class International Mail
Wittelsbacherplatz 2, Munich D-80333
Federal Republic of Germany 19 00000
    *For Siemens AG*

Via First Class International Mail
Vodafone House, The Connection,
Newbury RG14 2FN, England
    *For Vodafone Group PLC*

Via First Class Mail & Facsimile (913-523-9840)
Lee Lauridsen, Esquire
Senior Counsel
Sprint Nextel Corporation
6450 Sprint Parkway
Mailstop: KSOPHN0304-313503
Overland Park, KS 66251-6100
    *For Sprint Nextel Corporation*

Via First Class Mail & Facsimile (212-455-3180)
Henry B. Gutman, Esquire
Simpson Thatcher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017-3954
    *For Verizon Communications Inc. and Cellco Partnership*

Via First Class Mail & Facsimile (310-500-3501)
JoAnna M. Esty, Esquire
Liner Yaukelevitz Sunshine & Regenstreif LLP
1100 Glendon Avenue 14th Floor
Los Angeles, CA 90024-3503
    *For UTStarcom, Inc.:*

                                               */s/ Dominick T. Gattuso*
                                                Dominick T. Gattuso (# 3630)

# EXHIBIT A

**TO CINGULAR DEFENDANTS' OPPOSITION
TO PLAINTIFF'S MOTION TO LIFT STAY IN LITIGATION**

1

```
 1        IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
 2              IN AND FOR THE COUNTY OF SANTA CLARA
 3            BEFORE THE HONORABLE JAMES C. EMERSON, JUDGE
 4                             DEPARTMENT 19
 5                              ---oOo---
 6
 7

 8                                        )
     EASTMAN KODAK COMPANY,                )
 9                        Plaintiffs,      )
                                           )
10                                         )
     vs.                                   )   CASE NO. 1-05-CV-039164
11                                         )
     SPEASL,                                )
12                                          )
                                            )
13                        Defendants.       )
                     _____ /
14
                              ---oOo---
15

16                 REPORTER'S TRANSCRIPT OF PROCEEDINGS
                           MARCH 13TH, 2008
17

18

19   A P P E A R A N C E S:

20
     FOR THE PLAINTIFFS:            MICHAEL SUMMERSGILL
21                                  ATTORNEY AT LAW

22                                  AARON JACOBS
                                    ATTORNEY AT LAW
23
     FOR THE DEFENDANTS:            RANDAL EDWARDS
24                                  ATTORNEY AT LAW

25                                  JAMES MOORE
                                    ATTORNEY AT LAW
26
                                    BECKY THORNTON
27                                  ATTORNEY AT LAW

28   OFFICIAL COURT REPORTER:       ALICIA PLANCARTE
                                    CSR# 12161
```

```
 1    SAN JOSE, CALIFORNIA                    MARCH 13TH, 2008
 2
 3                      P R O C E E D I N G S
 4
 5         THE COURT:  Line 14 Kodak versus Speasl.
 6         MR. SUMMERSGILL:  Good morning, your Honor.
 7         Michael Summersgill and Aaron Jacobs on
 8    behalf of Kodak, Mirage, Moussally and Ford.
 9         MR. EDWARDS:  Good morning, your Honor.
10         Randal Edwards on behalf of Marc Roberts,
11    Jerry Speasl, Mat Chikosky.
12         MS. THORNTON:  Good morning, your Honor.
13    Becky Thornton on behalf of St. Clair Intellectual
14    Property Consultants.
15         MR. MOORE:  Good morning, your Honor.  James
16    Moore, local counsel for defendant St. Clair.
17         THE COURT:  Good morning.
18         What's the status of this case?
19         MR. SUMMERSGILL:  Your Honor, this is a
20    dispute over the ownership of patents.  It was mediated
21    on January 15th.  We reached an agreement to settle it
22    and sign a memorandum of understanding with the intent
23    that we would then negotiate a full settlement
24    agreements.  We've been working on that.  We are not
25    there yet.  We think that Kodak, Mirage, Ford and
26    Moussally would like this case to remain open in case
27    the settlement falls apart.  And we need to come back
28    and either litigate the terms of the MOU or ownership.
```

3

```
1              THE COURT:  Was this the case that was
2   assigned to trial to Judge Kleinberg?
3              MR. SUMMERSGILL:  Yes, your Honor.
4              MR. EDWARDS:  Yes, your Honor.
5              MS. THORNTON:  Yes, your Honor.
6              THE COURT:  And you went outside and
7   resolved it on the eve of trial?
8              MR. EDWARDS:  Yes, your Honor.  We mediated
9   it in front of Magistrate Judge Infante.  And as
10  Mr. Summersgill indicated there's a memo of
11  understanding that's actually agreed to be an
12  enforceable agreement.  The parties have been working
13  on additional documentation, but we have an enforceable
14  agreement at this point.
15             THE COURT:  All right.
16             MR. SUMMERSGILL:  And if I can just address
17  the enforceable agreement.  We agreed that the
18  memorandum of understanding is enforceable, but it's
19  the whole memorandum of understanding that's
20  enforceable.  Some of the terms that are fundamental to
21  Kodak and Mirage are -- have not yet been agreed to by
22  the other side so we need more time to kind of work
23  this.
24             THE COURT:  How much time do you need?
25             MR. SUMMERSGILL:  I'd like to try and keep
26  it moving along.  I guess I would suggest 30 days.
27             THE COURT:  Is that too short?  Little
28  happens in 30 days.  I'm glad to do it 30 days, but
```

4

1 | that's just been my experience.
2 | MR. SUMMERSGILL: I -- we had an all day
3 | marathon negotiation session yesterday. I think we are
4 | making some progress. I'd like to keep the pressure on
5 | both sides.
6 | THE COURT: Okay. Fair enough.
7 | MS. THORNTON: Your Honor, I just -- I
8 | represent St. Clair. And the distinction here is that
9 | we do have a memorandum of understanding. We do have a
10 | binding agreement. And so St. Clair believes this
11 | matter should be dismissed. If there's a dispute about
12 | the memorandum of understanding for additional terms
13 | that were negotiated --
14 | THE COURT: Well, we are not going to do
15 | that on this calendar. I invite you to file any
16 | motions. I don't know if I should do this, but I
17 | invite you to file any motions that are appropriate.
18 | I'll certainly review those.
19 | MS. THORNTON: Thank you, your Honor.
20 | THE COURT: So let's keep it on a fast
21 | track, I like that idea. And I would encourage you to
22 | continue to work hard on this case as I know you have.
23 | April 10th at ten o'clock?
24 | MR. EDWARDS: Your Honor, if we could move
25 | it one week. I'm actually scheduled to be out of the
26 | country that week.
27 | THE COURT: Sure. 17th, is that acceptable?
28 | MR. SUMMERSGILL: Yes, it is.

5

```
 1              THE COURT:  All right.  That will be the
 2   order.
 3              MR. MOORE:  Also, your Honor, just point of
 4   information, do you require local counsel to appear at
 5   all hearings or is lead counsel --
 6              THE COURT:  You know, we get a lot of
 7   appearances on Court Call.  This is pretty much is
 8   exactly what it says, a status hearing calendar.  If
 9   someone has the power to report that's fine with me.
10              MR. MOORE:  Okay.  Thank you.
11              THE COURT:  Thank you all.
12              MR. SUMMERSGILL:  Thank you, your Honor.
13
14
15              (Whereupon, the proceedings concluded.)
16
17
18
19
20
21
22
23
24
25
26
27
28
```

6

```
 1    STATE OF CALIFORNIA       )
                                )
 2    COUNTY OF SANTA CLARA     )

 3

 4         I, Alicia Plancarte, Certified Shorthand Reporter,

 5    do hereby certify:

 6         That I am the reporter, duly appointed and sworn,

 7    who reported the above and foregoing proceedings at the

 8    time and place therein stated;

 9         That I reported the said proceedings; and that the

10    foregoing pages are a full, true, complete and correct

11    transcript of my shorthand notes taken at said time and

12    place to the best of my ability.

13         I further certify that I have complied with CCP

14    237 (A) (2) in that all personal juror identifying

15    information has been redacted, if applicable.

16

17         DATED: This _____ day of _____, 2008

18

19

20

21

22                              _____
                                ALICIA PLANCARTE
23                              CERTIFIED SHORTHAND REPORTER
                                NO. 12161
24

25

26

27

28
```