**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

ST. CLAIR INTELLECTUAL PROPERTY )
CONSULTANTS, INC., )
 )
        Plaintiff, )
 )
    v. )    Civil Action No. 06-403-JJF
 )
SIEMENS AG, SIEMENS CORPORATION, )
BENQ CORPORATION, BENQ AMERICA )
CORPORATION, BENQ MOBILE GMBH & CO., )
AUDIOVOX COMMUNICATIONS )
CORPORATION, AUDIOVOX ELECTRONICS )
CORPORATION, UTSTARCOM, INC., SPRINT )
NEXTEL CORPORATION, CINGULAR )
WIRELESS L.L.C., CINGULAR WIRELESS )
CORPORATION, NEW CINGULAR WIRELESS )
SERVICES, INC., VERIZON COMMUNICA- )
TIONS INC., VODAFONE GROUP PLC, and )
CELLCO PARTNERSHIP, )
 )
        Defendants. )

**PLAINTIFF ST. CLAIR'S REPLY IN SUPPORT OF ITS**
**MOTION TO LIFT THE STAY IN LITIGATION**

The California action settled.  Kodak and St. Clair have entered into a binding,

enforceable Memorandum of Understanding that resolves all claims between Kodak and St. Clair

regarding the Roberts patents.  Defendants UTStarcom Inc., Cingular Wireless L.L.C., Cingular

Wireless Corporation, and New Cingular Wireless Services Inc. (hereinafter, "Defendants") offer

no basis to justify supporting the further stay of this patent infringement case.  The stay should

be lifted immediately.

**I.      The Condition upon which the Court Based the Stay Has Been Satisfied.**

In 2006, this Court ordered this action stayed, and administratively closed, pending the

resolution of the ownership dispute between Kodak and St. Clair in *Eastman Kodak Company v.*

*Speasl*, Case No. 05-39164 (Cal. Sup. Ct.) (formerly styled *Mirage Sys., Inc. v. Speasl*).  (D.I. 109, 110.)  As St. Clair has advised this Court and as Kodak and St. Clair's joint submission to the International Trade Commission makes clear, all claims between Kodak and St. Clair regarding the Roberts Patents have been resolved:

> The California Court commenced trial proceedings in the California Action in January 2008, the action then settled, and the parties have signed a memorandum of understanding, which is binding under California law.  The memorandum of understanding between the parties in the California Action provides for the resolution of all claims between the parties regarding the Roberts Patents . . . .

(Opening Mot. Ex. A.)  This Court has already acted on this information to lift the stay in the related Fuji case.  (*St. Clair Intellectual Property Consultants, Inc. v. Canon, Inc.*, Civil Action No. 03-241-JJF (D. Del.) (March 14, 2008 Order (no document number).) Based upon a joint submission, this Court entered an order lifting the Fuji stay and scheduling a status conference for April 2, 2008.  (Civil Action No. 03-241, D.I. 1020.)

Given the fact of the binding, enforceable Memorandum of Understanding, it is irrelevant that the parties may be working on finalizing settlement and licensing documents.  *See Kelly v. Greer*, 365 F.2d 669, 671 (3rd Cir. 1966) ("[A] settlement agreement or stipulation voluntarily entered into cannot be repudiated by either party."); *Loppert v. WindsorTech, Inc.*, 865 A.2d 1282, 1285 (Del. Ch. 2004) ("[A] settlement agreement is enforceable as a contract.").  There is also no basis for the Defendants to argue that having resolved the California case, new conditions should be imposed on St. Clair before the stay can be lifted.  The California action has settled and the condition supporting the Court's original stay is no longer present.   Therefore, the Court should lift the stay in this case so that St. Clair's action currently pending before the Court can finally be resolved.

## II.     Defendants' Arguments Are Not Relevant to the Question of Lifting the Stay.

Defendants' arguments in opposing the stay are completely irrelevant to St. Clair's Motion.  Indeed, Defendants' standing argument (which St. Clair disputes) only serves to confirm that the stay should be lifted so that claims and defenses can be raised and resolved in an open case.[1]  Likewise, while the Memorandum of Understanding may be discoverable subject matter if the stay is lifted, details of the settlement are irrelevant to the pending motion.[2]  What is relevant now is that *all claims between the parties to the California action have been resolved.*  Since that has occurred, there is no basis for the stay to continue.

## III.    St. Clair Will Be Unduly Prejudiced if the Court Does Not Lift the Stay.

In this case, a continued stay will result in significant damage, hardship, and inequities to St. Clair.  *NeoMagic Corp. v Trident Microsystems, Inc.*, No. CIV. A. 98-699, 2001 WL 1064812, at *2 (D. Del. Sept. 7, 2001) ("In determining whether to grant a stay, a district court weighs the possible damages, hardship, and inequities to the parties to the lawsuit against the possibility that a stay will conserve resources and simplify the issues in question and the trial of the case.").  Continued delay of these actions brings the Roberts patents closer to their 2010 expiration date, which unduly prejudices St. Clair's ability to enforce its intellectual property rights.

---

[1] Although irrelevant at this stage, as the assignee of record to the Roberts patents in the United States Patent and Trademark Office, St. Clair has established a prima facie case of standing.  (Am. Compl. ¶¶ 17-22, D.I. 4.)  This Court has already ruled that St. Clair has made a sufficient showing of ownership to move forward with its infringement actions.  (*St. Clair Intellectual Property Consultants, Inc. v. Canon, Inc.*, No. 03-241 (D. Del.), D.I. 812.)

[2] Kodak has not consented to any disclosure of the MOU.  In a March 20, 2008 response to correspondence from St. Clair, Kodak stated: "Voluntarily disclosing the MOU to the District of Delaware will violate the explicit terms of the MOU and therefore constitute a material breach." (Ex. A.)

**IV.     Lifting the Stay Now Will Best Conserve Resources and Serve the Interests of Justice.**

Lifting the stay will result in an efficient resolution of this case, allowing the parties to receive the "just, speedy, and inexpensive determination" of this proceeding.  Fed. R. Civ. P. 1. St. Clair's infringement action can proceed without foreclosing Defendants from working with the applicable rules and pretrial litigation processes to make discovery of the facts and resolution of the issues as efficient as possible.

**CONCLUSION**

St. Clair respectfully requests that the Court grant its motion to lift the stay in litigation.


Dated:  March 28, 2008                           SEITZ, VAN OGTROP & GREEN

                                                 /s/ Patricia P. McGonigle
                                                 _____
                                                 George H. Seitz, III (No. 667)
                                                 Patricia P. McGonigle, Esquire (No. 3126)
                                                 222 Delaware Avenue, Suite 1500
                                                 P.O. Box 68
                                                 Wilmington, DE 19899
                                                 (302) 888-0600

                                                 OF COUNSEL:
                                                 Ronald J. Schutz
                                                 Becky R. Thorson
                                                 Annie Huang
                                                 David B. Zucco
                                                 ROBINS, KAPLAN, MILLER & CIRESI
                                                 L.L.P.
                                                 2800 La Salle Plaza
                                                 800 LaSalle Avenue
                                                 Minneapolis, MN 55402
                                                 (612) 349-8500

                                                 **ATTORNEYS FOR PLAINTIFF
                                                 ST. CLAIR INTELLECTUAL PROPERTY
                                                 CONSULTANTS, INC.**

Exhibit "A"

WILMERHALE

**Michael J. Summersgill**

+1 617 526 6261 (t)
+1 617 526 5000 (f)
michael.summersgill@wilmerhale.com

March 20, 2008

Becky Thorson, Esq.
Robins Kaplan Miller & Ciresi LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402

Re: *Kodak v. Speasl*, No. 1:05-cv-039164 (Cal. Super.); *St. Clair v. Samsung*, C.A. No. 04-1436 (D. Del.)

Dear Becky:

I write in response to your letter of March 20, 2008, in which you state that St. Clair "needs" to file the MOU with the United States District Court for the District of Delaware. Voluntarily disclosing the MOU to the District of Delaware will violate the explicit terms of the MOU and therefore constitute a material breach. St. Clair cannot simultaneously breach the MOU while claiming the benefit of the MOU. Accordingly, Kodak opposes St. Clair's motion.

Very truly yours,

Michael J. Summersgill

cc:    Vito DeBari, Esq.
       Naikang Tsao, Esq.
       David Ben-Meir, Esq.
       John Desmarais, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2008 I electronically filed *Plaintiff St. Clair's Reply in Support of its Motion to Lift the Stay in Litigatio* (the "Reply") with the Clerk of the Court using CM/ECF, which will send notification of such filing to counsel of record.  In addition, I further certify that I caused copies of the Reply to be served upon the following in the manner so noted:

**For Audiovox Communications Corporation and Audiovox Electronics Corporation:**

D. Joseph English
Duane Morris LLP
505 9th Street, NW, Suite 1000
Washington, DC 20006-2166
*Via First Class Mail and Facsimile:  202-478-0667*

**For Cingular Wireless L.L.C., Cingular Wireless Corporation and New Cingular Wireless Services, Inc.:**

Stephen M. Forte, Esquire
Smith, Gambrell & Russell, LLP
Promenade, II, Suite 3100
1230 Peachtree Street N.E.
Atlanta, GA  30309
*Via First Class Mail and Facsimile: 404-685-6856*

Kurt M. Heyman, Esquire
Dominick T. Gattuso, Esquire
Proctor Heyman LLP
1116 West Street
Wilmington, DE 19801
*Via CM/ECF*

**For BenQ American Corporation:**
Linh Ha
BenQ America Corp.
2570 North First St., Suite 200
San Jose, CA 95131
*Via First Class Mail and Facsimile:  408-273-4685*

**For BenQ Corporation**

157 Shan-ying Road, Gueishan,
Taoyuan 333 Taiwan F4 00000
*Via First Class International Mail*
**For BenQ Mobile GMBH & Co.:**

Haidenauplatz 1, D-81667,
Munich, Federal Republic of Germany
*Via First Class Mail*

**For Siemens Corporation:**

Frank J. Nuzzi
Senior Intellectual Property Counsel
Siemens Corporation
Intellectual Property Department
170 Wood Avenue South
Iselin, NJ  08830
*Via First Class Mail and Facsimile: 732-590-6875*

**For Siemens AG:**
Wittelsbacherplatz 2, Munich D-80333
Federal Republic of Germany I9 00000
*Via First Class International Mail*

**For Vodafone Group PLC:**
Vodafone House, The Connection,
Newbury RG14 2FN, England
*Via First Class International Mail*

64259 v1

**For Sprint Nextel Corporation:**
Lee Lauridsen
Senior Counsel
Sprint Nextel Corporation
6450 Sprint Parkway
Mailstop: KSOPHN0304-3B503
Overland Park, KS 66251-6100
*Via First Class Mail and*
*Facsimile:  913-523-9840*

**For Verizon Communications Inc. and**
**Cellco Partnership:**

Henry B. Gutman
Simpson Thatcher & Bartlett LLP
425 Lexington Avenue
New York, NY  10017-3954
*Via First Class Mail and*
*Facsimile:  212-455-3180*

**For UTStarcom, Inc.:**

JoAnna M. Esty
Liner Yankelevitz Sunshine &
Regenstreif LLP
1100 Glendon Avenue 14th Floor Los
Angeles, CA  90024 3503
*Via First Class Mail and*
*Facsimile:  310-500-3501*

Mary B. Grahman, Esquire
James W. Parrett, Jr., Esquire
Morris Nichols Arsht & Tunnell LLP
1201 N. Market Street
Wilmington, DE 19899-1347
*Via Cm/ECF*

/s/ *Patricia P. McGonigle*
_____
Patricia P. McGonigle
Delaware Bar No.:  3126

64259 v1